DOMENGEAUX, Judge.
The plaintiff-appellant, Mrs. Sue R. Dosch, a 62 year old widow, instituted this direct action suit against United States Fidelity & Guaranty Company, to recover damages for injuries sustained when she fell while walking a dog belonging to defendant’s insureds. The trial court rendered judgment in favor of the defendant, dismissing the suit. From this judgment, the plaintiff perfected this appeal. We affirm.
In February of 1979, the plaintiff, a resident of the State of Missouri, was visiting the home of the defendant’s insureds, Ruth and Cassie Beaubouef. The Beaubouefs resided on Texas Avenue in Alexandria, Louisiana. On the morning of February 18, 1979, the plaintiff arose prior to the Beau-bouefs, and decided to go outside to get the morning paper. Realizing the Beaubouefs’ pet dog wanted to go out, the plaintiff put the dog on its leash and took it outside. While in the back yard, the dog’s leash became tangled with a support post of the Beaubouefs’ patio. While trying to untangle the leash, the plaintiff slipped and fell, sustaining injury to her right shoulder and right great toe.
The plaintiff contends that the trial court erred in not holding the defendant liable pursuant to La.C.C. Art. 2321 as interpreted by Holland v. Buckley, 305 So.2d 113 (La.1974).
Civil Code Article 2321 holds the owner of an animal answerable for the damage it has caused. This article was interpreted by the Supreme Court in Holland v. Buckley, supra:
“We hold, therefore, that the correct interpretation of Civil Code Article 2321 is as follows: When a domesticated animal harms another, the master of the animal is presumed to be at fault. The fault so provided is in the nature of strict liability, as an exception to or in addition to any ground of recovery on the basis of negligence, Article 2316. The owner may exculpate himself from such presumed *719 fault only by showing that the harm was caused by the fault of the victim, by the fault of a third person for whom he is not responsible, or by a fortuitous event.”
Before the owner of an animal can be held liable under Article 2321, the plaintiff must first prove that the defendant’s animal was a cause-in-fact of the damage. Only after this causal relationship is proved, is the owner of the animal presumed to be at fault.
In the instant case the trial court evidently held that this causal relationship did not exist. The only evidence pertaining to the accident presented at the trial was the deposition of the plaintiff. Nowhere in her deposition does she say what the dog did to cause her fall. A review of her deposition illustrates that the plaintiff was candid and honest in her responses to questions, and her testimony shows that the dog was not the cause of her falling. When asked what caused her fall to start, the plaintiff answered, “I can’t explain it”. The plaintiff also testified that the patio where she was standing when she fell was cold and wet. From the evidence presented, the trial court concluded the plaintiff had not met her burden of proving the dog caused her to fall.
A trial court’s factual determination will not be disturbed unless it is manifestly erroneous. Canter v. Koehring Company, 283 So.2d 716 (La.1973). Manifestly erroneous means clearly wrong. An appellate court must determine, based on a review of the entire record, that the determination of the trial court is not clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Our review of the entire record indicates that the decision of the trial court is not clearly wrong. Actually it is clearly correct.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to the plaintiff-appellant.

AFFIRMED.